In the Matter of the Application for the Commitment of AGNES NAYLOR, an Alleged Mentally Defective Person.

ANNA M. LANGLEY, Acting Superintendent of Albion State Training School at Albion, N. Y., Appellant; JAMES F. ANDERSON, Special Guardian for AGNES NAYLOR, Respondent.

MEMORANDUM. The provisions of section 440 of the Correction Law prescribing the procedure to be followed in a proceeding for the retention of prisoners at Napanoch after the expiration of their term, applies to a similar proceeding for the retention of prisoners at the Albion State Training School. (Correction Law, § 451, subd. 3.) Under those sections the County Court has jurisdiction of such proceeding and has the same power and authority as the Supreme Court. (Civ. Prac. Act, § 69.) The court has the power to appoint and to fix the compensation of the special guardian and to direct any party to the proceeding to pay the same. (Civ. Prac. Act, § 207; Rules Civ. Prac. rule 43.)

All concur, except Taylor and Dowling, JJ., who dissent and vote for reversal in an opinion by Dowling, J.

Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.

DOWLING, J. (dissenting). The power of the County Judge in this matter was clearly defined and limited by section 440 of the Correction Law. There were only two things he could do: (a) appoint two qualified medical examiners or one

qualified medical examiner and a qualified psychologist and fix their fees and disbursements; (b) upon application of the Superintendent of Albion for an order permitting her to retain Agnes Naylor, the alleged mentally defective person, to grant an order authorizing her detention " if satisfied that such prisoner is a mental defective." The petition for an order of retention shall be accompanied by the " certificates of mental defect " executed by the experts who were appointed by a judge of a court of record to determine the mentality of the prisoner. I assume the County Judge could order the experts and the inmate to appear before him for examination and that he could examine the case history and the Superintendent, or some member of her staff, in respect to the mental condition of the inmate. If, after following this procedure, he was not satisfied that the inmate was a mental defective, he could simply refuse to grant the order and the inmate would be entitled to an immediate release from custody. There is no provision in section 440 which empowered or authorized the County Judge to appoint more than two experts or to appoint a guardian ad litem to represent the inmate and to authorize the guardian ad litem to engage an expert at the expense of the Albion School or of the State. The procedure under section 440 is *ex parte* so far as the inmate is concerned. That section provides for no notice to the inmate. If an order permitting detention is made the inmate could resort to habeas corpus. A judge should disregard the opinions of experts appointed by him only in the exercise of great caution. (*People ex rel. Romano* v. *Thayer*, 229 App. Div. 687, 690.) There was no power in the County Judge under section 440 to provide a defense for the inmate at the expense of the Albion School. Insane inmates of State hospitals frequently apply for release, and the judge never appoints a guardian ad litem except in rare instances where the inmate has sufficient funds to afford such a luxury. I think this proceeding is something like a proceeding under subdivision 5 of section 7 of article 2 of the Domestic Relations Law, where the court, in an annulment action, appoints experts to determine whether the wife, who is an inmate of a State hospital, is incurably insane. In that proceeding the expense is charged against the husband. I think the County Judge had no power to make the orders appealed from. He should have appointed experts in whom he had implicit confidence. It is not apparent why he disagreed with the findings of his own commission. If we affirm these orders we are opening the way to possible abuses and waste of public funds. The orders should be reversed.

Taylor, J., concurs with Dowling, J.

Order dated February 9, 1940, so far as appealed from, and order dated February 16, 1940, affirmed, without costs of this appeal to either party.